# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ISAAC A. POTTER, JR., and SAMUEL POTTER,

                Plaintiffs,

-vs-                                      Case No. 6:05-cv-873-Orl-22KRS

INVENTION SUBMISSION CORPORATION and PHILIP ADELBERG,

                Defendants.

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

On June 13, 2005, Isaac A. Potter, Jr. and Samuel Potter (the Potters) appearing *pro se*, filed a complaint against the defendants, Invention Submission Corporation (ISC) and Philip Adelberg, doc. no. 1, along with a motion for leave to proceed *in forma pauperis*, doc. no. 2. Pursuant to 28 U.S.C. § 1915(e), the Court is required to consider whether the Potters' complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

**II.    STANDARD OF REVIEW.**

The Eleventh Circuit applies the standards applicable for reviewing motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) to dismissals for failure to state a claim on which relief can be granted pursuant to section 1915(e)(2)(B)(ii). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Under this standard, a complaint should not be dismissed for failure to

state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232 (1974). In the case of *pro se* plaintiffs, the Court should construe the complaint more liberally than it would construe pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

**III.   ANALYSIS.**

In their complaint, the Potters appear to assert claims for the following: (1) economic espionage pursuant to 18 U.S.C. § 1831; (2) theft of trade secrets pursuant to 18 U.S.C. § 1832; and (3) improper and deceptive invention promotion pursuant to 35 U.S.C. § 297. Doc. No. 1 at 2. However, the basis for their claims is not altogether clear. The Potters allege the following:

> Invention submission Corporation is in violation of promotion laws 35 U.S.C. § 297(a) section 297(b), and 18 U.S.C. § 1832 fine $5,000,000.00 and 18 U.S.C. § 1831(a)(b) fine $10,000,000.00. Mr. Potter contracted with ISC March 1992 and less than 30 days later all of the mentioned corporations applied for the title "Zodiac Knights" the name of Mr. Potter's invention "Zodiac Knights 2000" file ROC: 2228. Corporations listed: Bandai of America #7426190 (1992-04-20) abandon Renaissance-Atlantic Ent. Fund BV #7456344, 1992-04-13, Renaissance-Atlantic Ent. Fund BV # 74564781, 1994-08-23 Renaissance-Atlantic Ent. Fund BV #74564780, 2002-12-20 Toei Animation Tokyo, Japan #76477503, 2002-12-20 Toei Animation Tokyo, Japan #76548193, 2003-9-11 A result of economic espionage and theft of trade secret. Mr. Philip Adelberg was the Intromaek, Inc. Managing Director (1988-1994) who was experienced in the transfer of rights by license and other agreements evolving from products and inventions created by individuals. Mr. Adelberg licenses included (Bandai foreign distribution) Tokyo, Japan who now has access to the invention "Zodiac Knights 2000" ROC: 2228 which is now licensed by Bandai of America (U.S.) http://www.icv2.com/articles/news/2872.html. Mr. Masami Kurumada claims to be the creator of Knights of the Zodiac (Tokyo, Japan) Toei Animation claims to have developed "Knights of the Zodiac" (Tokyo, Japan) Partner (Shueisha of Tokyo, Japan) Invention Submission Corporation shall pay the plaintiff for harm he has suffered ($13,000,000.00) punitive damages ($200,000,000.00) court cost, attorney fees,

Doc. No. 1 at 2-3.

Without more, these allegations are wholly insufficient to assert a cognizable claim within the jurisdiction of this Court. While the title of the complaint states, "Breach of Contract (violation of Promotion Laws)," the body of the complaint refers to acts and individuals that appear to have no contractual relationship with the plaintiffs. It references criminal and civil statutes, none of which provide relief for breach of contract. Accordingly, I recommend that the Court dismiss the complaint and deny the motion to proceed *in forma pauperis*. I further recommend that the Court give the Potters leave to file an amended complaint within eleven days following the Court's order dismissing the complaint.

Should the Potters choose to file and amended complaint, they are advised that to state a colorable claim improper and deceptive invention promotion under 35 U.S.C. § 297, a plaintiff must allege the following: (1) that he or she is a customer who entered into a contract with an invention promoter; (2) that he or she was injured by a material false or fraudulent statement, representation, omission or a material fact by the invention promoter or others acting for the invention promoter; or (3) that he or she was injured by an invention promoter's failure to disclose information that the statute required the promoter to disclose. 35 U.S.C. § 297(b).

No private cause of action exists for theft of trade secrets pursuant to 18 U.S.C. § 1832 or economic espionage pursuant to 18 U.S.C. § 1831, both of which are criminal statutes.

If they file an amended complaint, the Potters must provide the full name and current address for each defendant named in the amended complaint. The Potters should clearly describe <u>how each named defendant</u> is involved in the alleged statutory and/or common law violations in the body of the amended complaint in a section entitled "Statement of Facts." The Potters are

advised that conclusory and vague allegations are insufficient to state a cognizable claim within the jurisdiction of this Court.

## IV.    RECOMMENDATION.

Based on the foregoing, I respectfully recommend that the complaint be dismissed, without prejudice, for failure to state a claim pursuant to 28 U.S.C. § 1915(e) and that the pending motion, doc. no. 2, be denied as moot. I further recommend that the Court permit the Potters to file an amended complaint within eleven (11) days after its ruling on this Report and Recommendation, and that the Potters be permitted to renew their motion to proceed without prepayment of fees if an amended complaint is filed.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 16, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy